**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TOMMY GREEN, SR.,**

     **Plaintiff,**

**vs.**                                                      **Case No. 4:14cv395-MW/CAS**

**MICHAEL D. CREWS, et al.,**

     **Defendants.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

     Defendant Crews filed a notice of removal on July 29, 2014, and simultaneously filed a motion to dismiss, doc. 4, the pro se Plaintiff's complaint. The complaint was filed with the notice of filing the state court docket and may be found in pages 1 through 4 of document 2.

     Plaintiff is a state prisoner, housed at Wakulla Correctional Institution. He filed the complaint in state court, titled it "civil tort," but also referenced 42 U.S.C. § 1983 on the first page. Doc. 2 at 1. Construed liberally, removal was deemed permissible because of the reference to § 1983 and Plaintiff's assertion that deliberate indifference is shown to inmates not from this region. *Id.*

As noted in the prior Order, doc. 6, summons were issued for Defendant Crews, Secretary of the Florida Department of Corrections, Warden James Coker at Wakulla Correctional Institution, Assistant Warden Jerry Brown at the Wakulla Correctional Institution Annex, T. Bowden at Wakulla Correctional Institution.[1]  Doc. 2 at 36-47. Service was executed on Defendant Crews on July 9, 2014, doc. 2 at 50-51.  No other summons have been returned.  The motion to dismiss has been filed only on behalf of Defendant Crews.  Doc. 4.

The complaint itself did not clearly reveal all persons named as Defendants in this case as Plaintiff listed "Michael D. Crews, et al." in the title caption.  Doc. 2 at 1. Because it was not clear who Plaintiff intended to be named as Defendants in this case, Plaintiff was required to file a response to a prior Court Order, doc. 6, clarifying the persons he intended to name as Defendants and clarifying the claims raised against those persons.  Plaintiff did not file a response to that Order, nor has Plaintiff clarified that any other person was intended to be a Defendant in this case.  Accordingly, it is recommended that this case be deemed to proceed with only one Defendant, Michael Crews, Secretary of the Florida Department of Corrections.  Any potential claims against any other persons named in passing in the complaint should be dismissed.

**Allegations of the Complaint, doc. 2**

Construed liberally, Plaintiff alleges that deliberate indifference is shown to "inmates not from this region" because the institution has a program which provides assistance with visitation to inmates from the region.  Doc. 2.  Plaintiff alleges that prison officials are corrupt and seek to benefit themselves.  *Id.* at 1-2.  Plaintiff also

---

[1] Plaintiff did name T. Bowden and J. Brown within the complaint.  Doc. 2 at 1.

contends there has been a breach of a fiduciary duty and asserts that "Respondents" are negligent.  *Id.* at 3.

**Motion to Dismiss, doc. 4**

Defendant contends that Plaintiff's complaint should be dismissed for failure to state a claim.  Doc. 4.  Defendant notes that restrictions on visitation privileges do not violate the Eighth Amendment, and there are no factual allegations presented against any act or policy of Defendant Crews.

Defendant also explains that the Department of Corrections has divided the State of Florida into three "regions" for administrative purposes.  Wakulla Correctional Institution is located within region 1.  It is unknown where Plaintiff resided before his incarceration and, more importantly to the issues presented in this case, how far away Plaintiff is from his family.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127

S.Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577

(2005), *quoted in* Twombly, 127 S.Ct. at 1966.

**Analysis**

  The conditions of prison life and the treatment of prisoners is governed by the

Eighth Amendment, which prohibits cruel and unusual punishment.  Farrow v. West,

320 F.3d 1235, 1242-43 (11th Cir. 2003) (citing Helling v. McKinney, 509 U.S. 25, 31,

113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993)).  In general, "prison conditions rise to the

level of an Eighth Amendment violation only when they 'involve the wanton and

unnecessary infliction of pain' "  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.

2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69

L.Ed.2d 59 (1981)).  Plaintiff's complaint does not allege that he has endured cruel or

unusual punishment or suffered with pain.  Rather, Plaintiff alleges that he is not

provided assistance with opportunities for visitation with family.  Doc. 2 at 1.  That is not

a valid Eighth Amendment claim.  However, construed liberally, it could be the basis for

a First Amendment claim.

  It is axiomatic that "[l]awful incarceration brings about the necessary withdrawal

or limitation of many privileges and rights, a retraction justified by the considerations

underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S. Ct. 1049,

1060, 92 L. Ed. 1356 (1948).  The lack of visitation opportunities with friends and family

is part of the penalty of incarceration.  While Plaintiff has a First Amendment right to

visitation, it is not an unfettered right.  *See* Caraballo-Sandoval v. Honsted, 35 F.3d 521,

525 (11th Cir. 1994) (noting that the First Amendment does not provide "an absolute

right to visitation, such privileges being subject to the prison authorities' discretion[,]

provided that visitation policies meet legitimate penological objectives."); Evans v.
Johnson, 808 F.2d 1427, 1428 (11th Cir. 1987) (same).  Nor does Plaintiff have a liberty
"interest in unfettered visitation" which is protected by the Due Process Clause.
Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460–61, 109 S.Ct. 1904, 104
L.Ed.2d 506 (1989) (concluding that "[t]he denial of prison access to a particular visitor .
. . is not independently protected by the Due Process Clause," nor is it a protected
interest under Kentucky state law).  Plaintiff's complaint does not sufficiently allege the
denial of a constitutional right, and there is no constitutional right to have prison officials
"assist inmates" in receiving visitors.

Moreover, even if there were some constitutional claim that could be gleaned
from the complaint, there are no facts which show Defendant Crews took any action
which has caused Plaintiff harm.  Plaintiff does not allege Defendant Crews created a
policy that has interfered with his rights.  Plaintiff also does not allege that Defendant
Crews has treated another group of inmates more favorably.  The motion to dismiss
should be granted and these constitutional claims dismissed.

To the degree Plaintiff has made the conclusory allegation that he presents "a
cause of action for breach of a fiduciary duty," the complaint is also insufficient.  Plaintiff
does not allege that any specific duty owed to him has been violated.  Plaintiff also
makes the allegation that unnamed "Respondents" have been negligent, but the
Supreme Court has unequivocally held that a state official's negligent conduct, even
though it causes injury, does not constitute an actionable deprivation under § 1983.
County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043
(1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662

(1986).  Finally, Plaintiff alleged that several prison officials (T. Bowden, J. Brown, and

L. Thomas) have "attempted to use their official position to secure a special privilege,

benefit or exemption for themselves or another [and] acted 'corruptly' in doing so . . . ."

There are no facts presented to support that conclusory claim and no Defendant should

be called upon to further answer such an empty assertion.  This case should be

summarily dismissed.

     In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

motion to dismiss, doc. 4, be **GRANTED**, that Plaintiff's complaint, doc. 2, be

**DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and that the Order adopting

this Report and Recommendation direct the Clerk of Court to note on the docket that

this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

     **IN CHAMBERS** at Tallahassee, Florida, on October 9, 2014.


     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

     **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**